Curia, per Evans, J.
I think it very clear the articles contemplated, that the vessel after reaching her port of destination might proceed to other ports before her return to Bremen, and there is nothing in the law regulating those contracts, which prohibits such *157 agreements. Sailors are in general ignorant, and easily beguiled and defrauded; and hence, in order to prevent the impositions too often practised upon their ignorance and defenceless condition, the laws, both of England and the United States; have gone very far to relieve them from these contracts, where any unreasonable construction is attempted to be put on general terms used in the articles. If the captain of the Elizabeth, after reaching Baltimore, instead of returning to Bremen, had taken in a new freight for the South Sea Islands, for China, or Archangel, or any other distant port obviously not within the contemplation of the parties when the articles were signed, it would have been a breach of the contract by the captain, which would have discharged the sailors, and in such case Lenderman would not have been a deserter. But I apprehend the coming from Baltimore to Charleston, is not such an unreasonable lengthening either of the voyage itself or its duration, as will authorise this court to pronounce the contract void for this reason. As to the second ground, whether the testimony was sufficient to convict the defendant of harboring, I have no remark to make, except that two juries have successively found the defendant guilty on the evidence, and we are not disposed to interfere by granting a new trial.
Thompson for the motion.
Attorney General, contra.
The motion is therefore dismissed.
O’Neall and Betlek, Justices, concurred. Eaexe, J. absent at the hearing, but concurred in the judgment.